The next case today is Victor J. Salgado & Associates v. Rafael Cestero-Lopategui, appeal number 20-1855. Attorney Lugo, please introduce yourself for the record and proceed with your argument. Good morning, my name is Carlos Lugo. I'm representing defendant's appellants in this case. The question in this case is whether the automatic stay established by Congress in Title III of PROMESA applies to this particular case. And defendants admit that the answer to this question is yes, because... Okay, Mr. Lugo, give us bullet points. Give us the 3, 4, 5 reasons you think the stay applies. Well, Your Honor, first, the Congress... This is a matter... We understand this to be a question about the intent of Congress in approving PROMESA. In PROMESA, Congress incorporated sections 362 and 922 of the Bankruptcy Code, which both establish an automatic stay that protects the debtor, in this case the Commonwealth, from lawsuits and claims during dependency of the case. In this case, the Commonwealth is not the named defendant. On the Puerto Rico law, the defendants are entitled to request the government to provide them with legal representation. And once the government provides them with legal representation, the government assumes the representation and begins to incur all the expenses and all the costs that entail litigation. How is this... You need to convince us, if I'm correct, that this is a proceeding that seeks to enforce a claim against the debtor. That's correct, Your Honor. As this proceeding presently stands, how does it seek to enforce a claim against the debtor? Well, Your Honor, as we explained in our brief, the fact that the government is presently incurring expenses to defend this case, and it is very probably that any adverse judgment will have to be paid by the Commonwealth. Well, to pause you there, I thought, what allows you to say that any adverse judgment will have to be paid by the Commonwealth? Probably, because under Law 9, generally the defendants are entitled to that remedy, except if there are only certain exceptions that are set forth in 32 laws of Puerto Rico, annotated 3088, which are very narrow exceptions that the government can deny. Can you list those, please? Just list the narrow exceptions. Yes, the narrow... These are... When the acts found by the trial of fact constitute a crime, when the facts occur outside the scope of the official functions, when the defendants have incurred inexcusable negligence, and where a state of law contrary to the act, to the official side, has been established jurisprudentially by a final and binding judgment. Those are the exceptions. So you're saying, what's the statutory language that says... Okay, I'll call... But for the... The statutory language... Counsel... Indeed. Okay. What's the statutory language? Okay, the statutory language is as such. The provisions of... It's a very short statute. The provisions of Sections 3085 to 3092A of this title shall not cover the following. Acts or omissions incurred by an official, ex-employee, or ex-employee. Okay, thank you. That's what I thought it was. So what is it in that language that tells you that if something does not qualify for one of those exemptions, the Department of Justice, the Secretary of Justice, must therefore indemnify? I thought the way I was reading it, and I may be wrong. That's why we have oral argument. I read it as saying, the Secretary of Justice has some pretty wide discretion to accept or not accept. However, this Section 3088 lists several things that it can't accept. But I don't see any language that says it has to accept other things, and so maybe I'm missing. Well, in the statute, this is the language of the statute as it is. And there's no provision saying that these are the only circumstances. But the statute is framed not as an entitlement of the government, but as an entitlement of the defendants. And the defendants are entitled not only to take reconsideration of any adverse decision from the Attorney General, but also judicial review. And then the review court may reverse that decision and order the Attorney General to grant the authorization to pay the judgment. I'm sorry. Bear with me, please. You're saying that there's no statute that says that the, is it the Attorney General or the Solicitor General? It's the Attorney General. Okay. There's no statute that says that, other than in the cases of these exceptions where by statute you do not get the judgment honored by the Commonwealth, that there is no statute saying that they have discretion to do whatever they want outside of this. Is that correct? Yes. However, our interpretation of the statute is that these four are the only instances in which the... Is there a case law to that effect? Exactly. What is the case law that you say supports this interpretation? Well, in Puerto Rico, there is no case law to that effect. So if there's no case law, it means the statute by its own terms is a discretionary call as to whether a payment will be made? It is a discretionary call, but it is limited. It is limited because if we go outside of these particular situations, dependents are entitled to the judgment. Taking the entire statute as a whole, that is the proper interpretation. So, is there any administrative practice? Is there any evidence as to how the Attorney General has interpreted this? And if so, is that consistent with your reading of the law? Okay. You say there's no judicial case law, so now I'm looking to administrative practice. Okay. In other words, is there an official opinion from the Attorney General's office as to how this statute should be interpreted? Not on this precise matter that I know of. Okay, apart from official opinion, is there any other evidence of how it has been interpreted in practice? Well, the regulations, for example, the regulations established that, for example, if there is an adverse judgment by stipulation or by transaction, the transactions are approved by the Attorney General, so both will be paid by the government. Where are these regulations? In the record, there's only the regulations that were presented by plaintiffs in the brief. They're in the appendix, but it's only sections 22 and 6, and I don't know whether they address a particular issue. Okay, so let's back up. The Attorney General has established regulations, correct? Yes. Okay, and we only have a portion of those regulations in the record. Okay, next question. As I understand it, the Attorney General does not commit to a position that, of course, they will pay a judgment until after a judgment is reached and a determination is made that these exceptions do not apply. That is correct. That is, from your point of view, the reason that we do not, in this record, have a definite statement from the Attorney General that, at this point, that he would, of course, grant indemnification, if it were. That's correct. If there was, it is very likely, but it is not, it depends on, it will depend on whether the final determinations of that conform to any of these. Okay, so let me back up. So you are making a two-pronged argument. One is the Attorney General has already decided that the Commonwealth will pay defense costs, legal fees, whatever incidental effects. You are saying that might be enough, but your case does not turn on that proposition. Your case turns on the presence of the second proposition, which is the indemnification provisions, should there be a judgment. I suspect you are also saying that if it were clear that one of these exceptions applied, the Attorney General would never have authorized defense costs. If your clients were convicted of a crime, accused of a crime. No, because he would have to determine at the representation. Four minutes remaining. He would have to determine that the acts of omissions that are allegedly committed a crime. Okay. That's the information we have. At the beginning of the case, the Attorney General only has the information that the defendant survived. Yes, but nonetheless, the Attorney General chose to provide defense in this case. What else is there to your argument that this amounts to a claim against the Commonwealth? Well, Your Honor, because the Congress adopted also, besides Section 362 and 922 of the Bankruptcy Code, it also adopted the definition of claim in Section 101, Parenthesis 5 of the Bankruptcy Code, which allows for, which establishes that a claim that is contingent. Maybe it establishes that claims can be contingent. In our view, this is clearly a contingent claim, and contingent claims are also affected by this day in any bankruptcy case. Well, your argument is it's in part contingent. They've already paid defense costs. It may be contingent on whether they will pay a judgment. Is that correct? We don't think so. We think that it may be. I mean, obviously the court can find that. We understand that the question of whether, it doesn't have to be a certain thing. Okay. All right. So you say the legal test is the contingent test. Is there anything else you want to argue? Well, I would like to state a couple of things. First of all is that this case is only about the automatic state, which is very ample and very broad. It's not about any other, for example, these charges, which is different. I want to stress and state also that this case is not only damages. It also contains a cause of action or a request. Don't give relief against defendants. That will be against them in their official capacity. All the allegations of the complaint is that they're acting in their official capacity. The acts are in the course of their duty. So that will have to be in their official capacity, which will be state, even if the rest of the case is not state. And I further state that it is impossible to litigate and to perform discovery of the case without leaving without effect the state regarding the jumping relief. And finally, I want to state that to use the 11th Amendment to not provide the state here will render meaningless the incorporation of Section 922A by Congress into PROMESA. Because the only difference between Section 922A and 362A is that Section 922A also provides that the state for cases in which a plaintiff sues an official where the case is actually against them. And in essence, this case is actually against the Commonwealth. We understand that everything about this case is against the Commonwealth, really, beginning with the $30 million damage request and going and going to the injunctive relief. And with that, Your Honor, I will end my argument. Okay. Do my colleagues have any further questions? No. Thank you. Thank you. Thank you, Attorney Lugo, at this time, if you would mute your audio and your video. And Attorney LaPlaca, if you would please unmute your audio and video, and you may begin your argument by introducing yourself on the record. Good morning, Your Honors. Again, my name is Damien LaPlaca, and may it please the Court, I represent the plaintiff's appellees. The precise issue in this case, at least on the merits, is whether this action seeks to enforce a claim against the debtor, Puerto Rico. And by no stretch of the imagination does this case seek to enforce any claims against Puerto Rico. The framework for deciding this case lies... Well, why wouldn't it be a contingent claim? A contingent claim may only be pursued in bankruptcy court. And even if the plaintiffs have a contingent claim, they're not pursuing it. They're not seeking any claim against Puerto Rico in any form. And by the way, that claim was, that argument was never made in the district court before. It's waived because it has not been made before. I'm sorry, which argument you say has been waived? The argument that they claim that the plaintiffs, we've never claimed this, that the plaintiffs have a contingent claim against Puerto Rico. And my argument is, even if they do, they're not pursuing a contingent claim against Puerto Rico. Okay, let's go back please. Taking his arguments from reverse order, he says, Some of your claims are, in fact, official capacity claims. And you can't, don't shake your head until I have finished, please. That only in an official capacity could they possibly reinstate. All right, what is the status of those claims? The reinstatement of, in the local case, I can't answer that question. I just know that it's in the appeals court. But they're not looking in this case to reinstate anything. Three times the district judge ruled that these plaintiffs have stated claims on all seven counts. Counsel, this is up here on de novo review. Okay, so let's go back. He makes two law nine arguments. The first is they've already provided defense costs. And that is in and of itself a draw on the Commonwealth as a claim against the Commonwealth. He also says under Puerto Rico's peculiar system of indemnifying public officials, the chances are extremely good that they will be indemnified because the exceptions do not apply here. What is your response to that? The exceptions he was arguing about apply to whether defense will be provided. Those exceptions have nothing to do with indemnity. And let me read to you the provisions in law nine, the law nine regulations, and the law nine agreements, all which disclaim any obligation to pay a judgment. I actually would think that that helped your opponent, not you. If the Attorney General has made a determination that the exceptions do not apply, therefore he will provide defense costs. Okay, so there the Commonwealth, it's a claim against the Commonwealth, at least for defense costs that the Commonwealth is honoring. Okay, let's put that aside. Now let's get to the other issue, and that is honoring a judgment should there be one against these individuals. Okay, he has said, look, as state officials, they essentially have a right to have these honored unless there are certain exceptions that are met. Why is that wrong? He's making an argument based on defense. Those exceptions have nothing to do with the indemnity argument. So what is your argument that the fact that they have not at this point said they would not honor a judgment renders this a case, not a claim against the Commonwealth? I'm sorry, I may be misunderstanding your question. You mean a claim that the plaintiffs have against the Commonwealth, or the defendants may have against the Commonwealth? Oh, I see. You think that the, from your answer, you seem to think that the fact that they may have an indemnity claim where the Commonwealth ends up paying any judgment is irrelevant to how you have styled your pleadings because you have not pled a case directly against the Commonwealth. Is that your position? That's correct. Okay, what case law supports your position? That our claims are only against the Commonwealth. What case law supports your position that indemnity provisions are irrelevant to the look-through as to whether a claim is a claim against the Commonwealth, however you define claim. And could you start with whether there is a separate statute which specifically provides indemnification in the event these plaintiffs prevail? Yes, I will start with that statute. That's Section 385, 3085 of Law 9, which is attached to our brief, which says, these provisions shall not be construed for any reason whatsoever as making the Commonwealth an insurer of the aforesaid public servants, nor as a waiver of the sovereign immunity. Yes, how does that get you to whether this is a claim against the, they're saying, okay, insurance law principles don't apply. Nobody's argued they do. It's not a waiver. Agreed, it's not a waiver, but that doesn't make it not a claim against the Commonwealth. Okay. So what's your next argument? The next argument, Your Honor, is for this. I'm sorry. In citing that particular provision, are you saying that because of the way it is worded, that it therefore legally means that it is not a claim, a contingent claim against the Commonwealth because the Commonwealth never has to pay under any circumstances? I think Judge Helpe ruled in a different case. If anybody has a contingent case, contingent claim, it would be the defendants against Puerto Rico for not paying a judgment. The plaintiffs have no contingent claim against Puerto Rico. They're not pursuing a contingent claim. Again, I go back to the language of the statute, and this court's decision in Colón-Torres that says, you must look at what the plaintiff is seeking to determine whether they are seeking to enforce a claim against Puerto Rico. And these plaintiffs are not. If I might ask you two questions. Will your clients maintain that any finding of fact or law in this proceeding will be binding on the Commonwealth? No, we're not arguing that. That includes the agency? That includes the agency. We're not arguing that, no. Secondly, what do you say about your complaint seems to seek injunctive relief in the form of restraining the defendants from doing various things that they did under color of law. How is that not, in effect, restraining the Commonwealth? In other words, you restrain the Commonwealth from doing something by restraining its officials from doing it. In fact, going back to the Will decision from the Supreme Court, a Section 1983 claim, which includes injunctive relief, may not be made against a defendant official in his or her official capacity. Injunctions may lie against officials in their personal capacity without making these claims one against the debtor or Puerto Rico. In other words, suppose you get them to change a ruling. How is that not getting the agency to change a ruling? I think it has to be narrowly tailored to be able to make that argument, to be able to apply against them personally. But against using color of law to deny them constitutional rights, that injunction can be made against them in their personal capacities. But wouldn't it, in effect, cause the agency to do something or not do something that it otherwise would have done or not done but for the ruling in your case? I don't know what the agency would do. I can't answer the question as to what the agency may do. I can only answer the question as to what those individuals can or cannot do in their personal capacities. Can I go back to Judge Queada's first question because I'm not sure I understood your answer. Suppose you get a judgment against these individual defendants. Suppose the individual defendants say to the Commonwealth, you pay the judgment, please. We're entitled to it. None of the exceptions apply. Are you saying that you would not at that point seek to enforce the judgment against the Commonwealth? And if they got the indemnity order, you would not go after the Commonwealth as a judgment creditor? I don't think we would be able to. I don't see the vehicle for us being able to do that. I suppose the only way we could do that if we decided... They say to you, we're judgment proof. You take your judgment and force it against the Commonwealth. The only vehicle I can imagine where that could occur would be in the bankruptcy court, not in this court. Let's make it more practical. Where are you going to get your $30 million from? That's a very good question, Your Honor. But from this very court, there is a decision, I forget the name of it, which says... Four minutes remaining. Four minutes. Thank you. The amount of controversy has nothing to do as to the question whether the claims are made in their personal capacities or their official capacities. It doesn't matter. Put $30 million aside. Let's assume you get a $100 verdict against each of them. Where and their judgment proof. Aren't you going to seek to... $100 isn't worth litigation costs. Let's say $5,000. What do we do then? I don't know what we do then. I don't think that's the relevant inquiry as to whether... So you are not at this point authorized to make any representation as to what you would do then. That's perfectly fair. You weren't authorized. No, and I'm not. As far as I understand, we wouldn't be going against Puerto Rico. We've been clear about that. Three times a district judge has said they've said it's in their personal capacities. Well, suppose we viewed the law differently than the district judge as to what the relevant questions are. Is there anything else that you've not yet said that you think you'd like to say in a final sentence to us? Thank you, Your Honor. I'd like to refer you to the Colón-Torres decision in which the First Circuit in May distinguished those cases in which... In those statutes from other jurisdictions, such as California, where the indemnity obligation is mandatory from Puerto Rico. And the court says, in contrast to Puerto Rico's permissive indemnification policy, the courts have considered the issue when otherwise similar cases of ours have held other municipalities guaranteed indemnification policies were dispositive. They called this statute a permissive indemnification jurisdiction. I would go further and call it a disclaimer jurisdiction. It distinguished the very case that the appellants rely on, the Stockton case, to say that Puerto Rico will indemnify. No, it will not. Practically, what's at issue here? What's at issue is whether the automatic stay or post-filing, post-petition claims applies. I'm sorry. I think there's an audio. I didn't hear that question. As I understand it, what's at issue here is whether the automatic stay applies. That's correct. What practical significance is that to you? Well, if the automatic stay applies, we have no means of pursuing these claims against the defendants in court in their personal capacity. You'd file a motion for relief from the stay, wouldn't you? That is an option, a very unlikely option, but that is an option. I mean, in no case have I seen from Judge Swain has she granted such a motion in a similar case. How would the claim eventually be resolved? If you were to affirm, I mean, you were to reverse Judge Helpe? Yes, the stay applies, but at some point the bankruptcy comes to an end, you have a post-petition claim. That's a bankruptcy question, but I suppose we could then pursue the case in district court all over again. Okay. Any further questions? No. No, counsel. We've heard you. Thank you very much. Thank you, Your Honors. Thank you. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the hearing.